**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Secure Home Holdings LLC** | |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN)     **82-1891583** |

4. **Debtor's address**

**Principal place of business**

**3803 West Chester Pike**
**Suite 100**
**Newtown Square, PA 19073**
Number, Street, City, State & ZIP Code

**Delaware**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)     **www.myalarmcenter.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Secure Home Holdings, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5616__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor   **Secure Home Holdings, LLC**                                            Case number *(if known)*
_____
Name

**10.  Are any bankruptcy cases**
**pending or being filed by a**      ☐ No
**business partner or an**          ☒ Yes.
**affiliate of the debtor?**

List all cases. If more than 1,          Debtor   **See Attachment**                    Relationship  _____
attach a separate list                  District  _____  When  _____  Case number, if known  _____

**11.  Why is the case filed in**      *Check all that apply:*
**this district?**
☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
    preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or**       ☒ No
**have possession of any**          ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**real property or personal**
**property that needs**
**immediate attention?**             **Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
  livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?**  _____
                         Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No

☐ Yes.   Insurance agency  _____
         Contact name  _____
         Phone  _____

---

█  **Statistical and administrative information**

**13.  Debtor's estimation of**    .  *Check one:*
**available funds**
☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of**    ☐ 1-49              ☐ 1,000-5,000         ☐ 25,001-50,000
**creditors**                 ☐ 50-99             ☐ 5001-10,000         ☐ 50,001-100,000
                             ☐ 100-199           ☐ 10,001-25,000       ☐ More than100,000
                             ☒ 200-999

**15.  Estimated Assets**       ☐ $0 - $50,000              ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
                             ☐ $50,001 - $100,000         ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
                             ☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
                             ☐ $500,001 - $1 million      ☒ $100,000,001 - $500 million    ☐ More than $50 billion

**16.  Estimated liabilities**  ☐ $0 - $50,000              ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion

---

Debtor   **Secure Home Holdings, LLC**                                    Case number (*if known*) _____
          Name

☐ $50,001 - $100,000            ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000           ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million         ■ $100,000,001 - $500 million    ☐ More than $50 billion

| Debtor | **Secure Home Holdings, LLC** | | Case number (*if known*) | |
| | Name | | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **April 25, 2021**
                 MM / DD / YYYY

X   *Amy V. Kothari*                          **Amy V. Kothari**
    Signature of authorized representative of debtor        Printed name

Title   **Chief Executive Officer**

---

**18. Signature of attorney**

X   *Robert A. Weber*                          Date   **April 25, 2021**
    Signature of attorney for debtor                          MM / DD / YYYY

**Robert A. Weber**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 295-0191**        Email address   **weber@chipmanbrown.com**

**4013 DE**
Bar number and State

---

Debtor    **Secure Home Holdings, LLC**                                  Case number (*if known*) _____
          Name

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____    Chapter    **11**

☐ Check if this an
    amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **ACA Security Systems GP, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **ACA Security Systems, LP** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Hawk Creation, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **My Alarm Center, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |

**Fill in this information to identify the case:**

Debtor name    **Secure Home Holdings, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑    Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 25, 2021**          x    *Amy V. Kothari*
                                                    Signature of individual signing on behalf of debtor

                                                    **Amy V. Kothari**
                                                    Printed name

                                                    **Chief Executive Officer**
                                                    Position or relationship to debtor

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Secure Home Holdings LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Goldman Sachs Specialty Lending Group LP 6011 Connection Drive Irving, TX 75039 | Ben Nale (ben.nale@gs.com)  David Miller (david.miller@gs.com) | Bank Debt | | | | $33,950,283.00 |
| Invesco Credit Partners Master Fund II, L.P. 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com)  Paul Triggiani (paul.triggiani@invesco.com)  Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $14,956,336.00 |
| Woodforest National Bank 1330 Lake Robbins Drive Woodlands, TX 77380 | J. Prather (jprather@wnbcommercial.com) Fax: (281) 296-1802 | PPP Loan | Contingent | | | $6,813,900.00 |
| First Midwest Bank 8750 West Bryn Mawr Avenue Suite 1300 Chicago, IL 60631 | Pam Eskra (pam.eskra@firstmidwest.com)  Jerry Brosnan (jerry.brosnan@firstmidwest.com)  Chris Sawyer (chris.sawyer@firstmidwest.com)  Tel: (800) 322-3623 | Bank Debt | | | | $6,063,085.00 |
| CIT Bank, N.A. 11 West 42nd Street New York, NY 10036 | John Yusi (john.yusi@cit.com)  Justin Roberts (justin.roberts@cit.com)  Tel: (832) 375-2505 Fax: (866) 914-1578 | Bank Debt | | | | $6,063,085.00 |

Debtor    **Secure Home Holdings LLC**                                    Case number *(if known)*
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Invesco Senior Floating Rate Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $5,872,139.00 |
| Invesco US Senior Loan Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $5,523,186.00 |
| OCM FIE, LLC 333 South Grand Avenue Floor 28 Los Angeles, CA 90071 | tcasarella@oaktreecapital.com Tel: (213) 830-6300 Fax: (213) 830-6293 | Management Fee | | | | $2,900,000.00 |
| Invesco Floating Rate ESG Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $2,517,787.00 |
| Invesco European Senior Loan Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $1,992,891.00 |
| Invesco Credit Partners Opportunities Fund 2020, L.P. 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $1,914,858.00 |
| Invesco Dynamic Credit Opportunities Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $1,750,081.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Secure Home Holdings LLC**                                    Case number *(if known)*
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Invesco Senior Income Trust 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $1,627,449.00 |
| Invesco  US Senior Loan ESG Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $1,166,495.00 |
| Internal Revenue Service 1111 Constitution Avenue, NW Washington, DC 20224 | | Cares Act Social Security Payroll Tax Deferral | | | | $1,092,734.00 |
| Invesco  Senior Loan Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $938,803.00 |
| American Express Company P.O. Box 1270 Newark, NJ 07101 | Matthew Heimann (matthew.heimann@aexp.com) Tel: (908) 273-5500 Fax: (908) 273-5582 | Credit Card | | | | $432,527.00 |
| AFCO Credit Corporation 4501 College Boulevard Suite 320 Leawood, KS 66211 | quote@AFCO.com marketing@AFCO.com Tel: (800) 288-6901 Fax: (877) 232-6329 or (913) 663-4951 | Insurance | | | | $255,909.00 |
| Invesco  Floating Rate Income Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $252,796.00 |
| Invesco  European Senior Loan ESG Fund 1166 Avenue of the Americas 26th Floor New York, NY 10036 | Gerard Fogarty (gerard.fogarty@invesco.com) Paul Triggiani (paul.triggiani@invesco.com) Arth Patel (arth.patel@invesco.com) | Bank Debt | | | | $222,233.00 |
| Ademco Inc. (d/b/a ADI Global Distribution) P.O. Box 905417 Charlotte, NC 28290 | charlotte@adiglobal.com Tel: (631) 692-1000 Fax: (704) 525-8899 | Trade Debt | | | | $166,275.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    **Secure Home Holdings LLC**                                        Case number *(if known)*
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Campus Investors H Building, L.P.<br>3843 West Chester Pike<br>Newtown Square, PA 19073 | ngallagher@equuspartners.com | Lease | | | | $162,754.00 |
| Security Data Supply of Dallas, LLC<br>9777 West Gulf Bank Road<br>Suite 15<br>Houston, TX 70040 | Attn: Brent<br>(brent@securitydatasupply.com)<br>Tel: (713) 782-5100 | Trade Debt | | | | $138,148.00 |
| Mitchell Silberberg & Knupp LLP<br>2049 Century Park East<br>18th Floor<br>Los Angeles, CA 90067 | esc@msk.com<br>Tel: (310) 312-2000<br>Fax: (310) 312-3100 | Professional Fees | | | | $130,853.00 |
| WAVE Electronics, Inc.<br>8648 Glenmont Drive<br>Suite 130<br>Houston, TX 77036 | accounts@waveinc.net<br>Tel: (713) 466-9283 | Trade Debt | | | | $85,682.00 |
| Invesco Senior Floating Rate Plus Fund<br>1166 Avenue of the Americas<br>26th Floor<br>New York, NY 10036 | Gerard Fogarty<br>(gerard.fogarty@invesco.com)<br><br>Paul Triggiani<br>(paul.triggiani@invesco.com)<br><br>Arth Patel<br>(arth.patel@invesco.com) | Bank Debt | | | | $68,692.00 |
| Tri-Ed Distribution Inc.<br>135 Crossways Park Drive<br>Suite 101<br>Woodbury, NY 11797 | marketing@tri-ed.com<br>Tel: (516) 941-2800 | Trade Debt | | | | $70,052.00 |
| Salesforce.com Inc.<br>P.O. Box 203141<br>Dallas, TX 75320 | Attn: Travis Smith<br>(travis.smith@salesforce.com)<br><br>Attn: A. Johansson<br>(ajohansson@salesforce.com) | Trade Debt | | | | $50,072.00 |
| Bridgestone Americas Holdings, Inc.<br>23715 Network Place<br>Chicago, IL 60673 | Attn: Erika Rivera<br>(riveraerika@bfusa.com) | Trade Debt | | | | $41,317.00 |
| GPX Communications LLC<br>989 Old Eagle School Road<br>P.O. Box 1023<br>Wayne, PA 19087 | lcarnevali@evolveip.net | Trade Debt | | | | $35,373.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

## OMNIBUS SECRETARY'S CERTIFICATE

The undersigned, as the Secretary of Secure Home Holdings LLC, a Delaware limited liability company ("Holdings"), My Alarm Center, LLC, a Delaware limited liability company ("MAC"), ACA Security Systems GP, LLC, a California limited liability company ("GP Subsidiary"), ACA Security Systems, LP, a California limited partnership ("LP Subsidiary"), and Hawk Creation, LLC, a Delaware limited liability company ("Hawk"), hereby certifies on behalf of Holdings, MAC, GP Subsidiary, LP Subsidiary, and Hawk, as follows:

Attached hereto as Annex A is a true, correct, and complete copy of the resolutions duly adopted by the board of directors, member, sole manager or general partner of each of Holdings, MAC, GP Subsidiary, LP Subsidiary and Hawk, as applicable, on April 24, 2021 (the "Resolutions"), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in her capacity as Secretary of Holdings, MAC, GP Subsidiary, LP Subsidiary, and Hawk has duly executed and caused this certificate to be delivered as of April 24, 2021.

By:_____
Name: Anastasia Bottos
Title:   Secretary of Secure Home Holdings LLC;
          My Alarm Center, LLC; ACA Security
          Systems GP, LLC; ACA Security Systems,
          LP; and Hawk Creation, LLC

**RESOLUTIONS OF THE GOVERNING BODIES OF
SECURE HOME HOLDINGS LLC, MY ALARM CENTER, LLC, ACA SECURITY
SYSTEMS GP, LLC, ACA SECURITY SYSTEMS, LP & HAWK CREATION, LLC**

**April 24, 2021**

**WHEREAS**, Secure Home Holdings LLC ("Holdings") is the sole member of My Alarm Center, LLC ("MAC"), its direct wholly owned subsidiary;

**WHEREAS**, MAC is the sole member of ACA Security Systems GP, LLC ("GP Subsidiary"), its direct wholly owned subsidiary;

**WHEREAS**, GP Subsidiary is the general partner and MAC is the sole limited partner of ACA Security Systems, LP ("LP Subsidiary");

**WHEREAS**, MAC is the sole member and sole manager of Hawk Creation, LLC ("Hawk"), its direct wholly owned subsidiary;

**WHEREAS**, the board of directors, member, sole manager or general partner of each of Holdings, MAC, GP Subsidiary, LP Subsidiary and Hawk, as applicable (in each case, the "Governing Body") of each of Holdings, MAC, GP Subsidiary, LP Subsidiary and Hawk (each such entity, a "Company") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body desires to approve the following resolutions.

## I.    *Chapter 11 Filing*

**WHEREAS**, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is

advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "<u>Chapter 11 Petition</u>") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents (collectively, the "<u>Chapter 11 Filings</u>") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "<u>Bankruptcy Case</u>"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that any officer of each Company or its sole member, sole manager, or general partner, as applicable (each an "<u>Authorized Person</u>"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.    *Plan of Reorganization and Disclosure Statement*

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of a proposed plan of reorganization (the "<u>Plan</u>") pursuant to which such Company and certain of its affiliates would, among other things, implement a reorganization of such Company's liabilities and emerge from its Bankruptcy Case;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the

material terms of a proposed Disclosure Statement (the "<u>Disclosure Statement</u>") accompanying the Plan and the contents and disclosures thereof; and

**WHEREAS**, the Governing Body of each Company has determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that such Company, in furtherance of a reorganization of such Company's liabilities and emergence from Chapter 11, file the Plan and the Disclosure Statement with the Bankruptcy Court and to solicit acceptances and approvals thereof;

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body of each Company adopts, ratifies, confirms and approves the form, terms and provisions of, and each of the transactions contemplated by the Plan and the Disclosure Statement, as each may be amended or modified from time to time; and be it further

**RESOLVED**, that each Company's advisors be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to prepare, finalize and file, as appropriate, procedures for the solicitation and tabulation of votes to accept or reject the Plan.

### III.    *DIP Financing*

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, a revolving credit facility of $45,000,000 (collectively "<u>DIP Financing</u>"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "<u>DIP Financing Orders</u>");

**WHEREAS**, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a definitive debtor-in-possession financing agreement (the "<u>DIP Financing Agreement</u>") by and among such Company and certain of its affiliates, as debtors-in-possession, and Seaport Loan Products LLC, as co-administrative agent, and Acquiom Agency Services LLC, as co-administrative agent and collateral agent (collectively, with the other lenders contemplated by the DIP Financing Agreement, the "<u>DIP Lenders</u>") pursuant to which the DIP Lenders have agreed to provide such Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Financing Agreement, the DIP Lenders require that such Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Financing Agreement, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "<u>DIP Documents</u>");

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Financing Agreement provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Financing Agreement are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of such Company on behalf of such Company; and it be further

**RESOLVED**, that such Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Financing Agreement and the DIP Documents; and it be further

**RESOLVED**, that such Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Financing Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Financing Agreement; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Agreement, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

IV.     *Retention of Professionals*

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Chipman Brown Cicero & Cole, LLP ("Chipman"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of and Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates ("Skadden"), as special bankruptcy counsel, to represent and assist such Company in evaluating strategic alternatives and negotiating consent with its senior secured lenders, including in connection with the Plan and Disclosure Statement and with respect to tax matters and controversies, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case related to the foregoing and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain (i) M3 Advisory Partners, LP ("M3") to serve as financial advisor and to provide a Chief Restructuring Officer to such Company, (ii) Raymond James & Associates, Inc. ("Raymond James") to provide investment banking services to such Company, and (iii) Kurtzman Carson Consultants LLC ("KCC") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain Chipman, Skadden, M3, Raymond James, KCC, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

## V.    Secretary

**RESOLVED**, that Anastasia Bottos be, and hereby is, authorized, empowered and directed, on behalf of and in the name of each Company, to act as Secretary of each Company during the pendency of the Chapter 11 Cases and until her successor is duly elected and shall qualify, or until her earlier death, resignation or removal; and be it further

## VI.    General

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively

6

evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, the Plan, the Disclosure Statement, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SECURE HOME HOLDINGS LLC, *et al.*, | Case No. 21-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, set forth below are the corporate entities that directly or indirectly own 10% or more of any class of equity interests as of the Petition Date:

1.       None of the Debtors are publicly traded corporations.

2.       OCM SSF MAC PT II, L.P. owns approximately 78.1% of the Common Units, 81.4% of the Class A Preferred Units, 75.3% of the Class Z Preferred Units, and 100% of the Class A Profits Units, Class B Profits Units, Class B-1 Profits Units, Class B-2 Profits Units, Class B-3 Profits Units, and Class B-4 Profits Units of Secure Home Holdings LLC.  The Class B Preferred Units of Secure Home Holdings LLC are held as follows: approximately 18.7% by Ironwood Mezzanine Fund III-A LP; approximately 12.5% by Ironwood Mezzanine Fund III LP; approximately 21.0% by Alcentra Capital Corporation; approximately 11.7% by NXT Capital Corporate Finance D-E Investments, LLC; approximately 15.6% by SIA-MAC, Inc.; and approximately 10.4% by OFS SBIC I, LP.

3.       ACA Security Systems GP, LLC is wholly owned by My Alarm Center, LLC.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Secure Home Holdings LLC (1583); ACA Security Systems GP, LLC (5674); ACA Security Systems LP (3613); Hawk Creation, LLC (3525); and My Alarm Center, LLC (0273).  The address of the Debtors' corporate headquarters is 3803 West Chester Pike, Suite 100, Newtown Square, Pennsylvania 19073.

4.      ACA Security Systems, LP is 99% owned by My Alarm Center, LLC and 1% owned by ACA Security Systems GP, LLC.

5.      Hawk Creation, LLC is wholly owned by My Alarm Center, LLC.

6.      My Alarm Center, LLC is wholly owned by Secure Home Holdings LLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SECURE HOME HOLDINGS LLC, *et al.*, | Case No. 21-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Secure Home

Holdings LLC provides the following list of holders of equity interests:

| NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST | PERCENTAGE OF INTERESTS HELD |
|---|---|---|
| OCM SSF MAC PT II, L.P. | Common | 78.1% |
| OCM SSF MAC PT II, L.P. | Class A Preferred | 81.4% |
| OCM SSF MAC PT II, L.P. | Class Z Preferred | 75.3% |
| OCM SSF MAC PT II, L.P. | Class Profits for Classes A, B, B-1, B-2, B-3 and B-4 | 100% |
| Ironwood Mezzanine Fund III-A LP | Class B Preferred | 18.7% |
| Ironwood Mezzanine Fund III LP | Class B Preferred | 12.5% |
| Alcentra Capital Corporation | Class B Preferred | 21.0% |
| NXT Capital Corporate Finance D-E Investments, LLC | Class B Preferred | 11.7% |
| SIA-MAC, Inc. | Class B Preferred | 15.6% |
| OFS SBIC I, LP | Class B Preferred | 10.4% |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Secure Home Holdings LLC (1583); ACA Security Systems GP, LLC (5674); ACA Security Systems LP (3613); Hawk Creation, LLC (3525); and My Alarm Center, LLC (0273).  The address of the Debtors' corporate headquarters is 3803 West Chester Pike, Suite 100, Newtown Square, Pennsylvania 19073.