IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SECURE HOME HOLDINGS LLC, *et al.*, | Case No. 21-10745 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket Nos. 10 and 58** |

*FINAL* ORDER AUTHORIZING DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND RELATED OBLIGATIONS

Upon the motion (the "**Motion**")[2] of the Debtors for an interim order and a Final Order (this "**Final Order**") authorizing, but not directing, the Debtors to remit and pay taxes and other related obligations (the "**Taxes**") and business license, compliance, regulatory fees, and other assessments (the "**Assessments**") as the Debtors, in their discretion, deem necessary to various federal, state, county, and city taxing and licensing authorities (the "**Applicable Authorities**"); and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Secure Home Holdings LLC (1583); ACA Security Systems GP, LLC (5674); ACA Security Systems LP (3613); Hawk Creation, LLC (3525); and My Alarm Center, LLC (0273).  The address of the Debtors' corporate headquarters is 3803 West Chester Pike, Suite 100, Newtown Square, Pennsylvania 19073.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a *final* basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, in their sole discretion, to pay all prepetition Taxes and Assessments owed to Applicable Authorities in the ordinary course of their business, whether or not such amounts arose prepetition, up to an aggregate of $566,003.28, and to continue paying Taxes to the Applicable Authorities in the ordinary course post-petition.

3. All Banks are (a) authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Insurance Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any transfers on account of Taxes and Assessments. The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Final Order.

4. To the extent the Debtors have not yet sought to remit payment on account of the Taxes and Assessments, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Taxes and Assessments.

5. Any party receiving payment from the Debtors is authorized to rely upon the representations of the Debtors as to which payments are authorized by this Final Order.

6. Nothing in the Motion or this Final Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third-party; or (e) being otherwise enforceable by any third-party.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of or enhance the status of any claim held by any of the Applicable Authorities.

8. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: May 23rd, 2021
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE