# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SECURE HOME HOLDINGS LLC, *et al.*,<br><br>Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 21-10745 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 29, 2021 at 1:30 p.m. (*prevailing* Eastern Time)**<br>**Objection Deadline: July 22, 2021 at 4:00 p.m. (*prevailing* Eastern Time)** |

## MOTION OF THE REORGANIZED DEBTORS
### FOR ENTRY OF A FINAL DECREE (I) CLOSING THE DEBTORS' CHAPTER 11 CASES; AND (II) TERMINATING CLAIMS AND NOTICING SERVICES

Secure Home Holdings LLC and certain of its affiliates, the reorganized debtors in the above-captioned cases (collectively, the "**Reorganized Debtors**"), hereby move (this "**Motion**") for entry of an order, substantially in the form attached hereto, granting the relief described below. In support of the Motion, the Reorganized Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Reorganized Debtors consent to entry of a final order by the Court in connection with the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Secure Home Holdings LLC (1583); ACA Security Systems GP, LLC (5674); ACA Security Systems LP (3613); Hawk Creation, LLC (3525); and My Alarm Center, LLC (0273).  The address of the Debtors' corporate headquarters is 3803 West Chester Pike, Suite 100, Newtown Square, Pennsylvania 19073.

Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of the Chapter 11 Cases and related proceedings is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief requested herein are section 350(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3022-1.

## BACKGROUND

5.      On April 25, 2021 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing these cases (the "**Chapter 11 Cases**").

6.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee (the "**Committee**") in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

8.      The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9.      Additional factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of these Chapter 11 Cases, is set forth in the Declaration of Amy V. Kothari in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings [Docket No. 5] (the "**First Day Declaration**"), which was filed on the Petition Date and incorporated herein by reference.

**RELIEF REQUESTED**

10.    By this Motion, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Reorganized Debtors seek entry of an order closing each of their respective Chapter 11 Cases.

11.    The Reorganized Debtors will file a final report with respect to the Chapter 11 Cases pursuant to Local Rule 3022-1(c).

12.    A proposed form of final decree granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Final Decree**").

**BASIS FOR RELIEF**

13.    On May 25, 2021, this Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Modified Joint Prepackaged Chapter 11 Plan of Reorganization of Secure Home Holdings LLC and its Affiliated Debtors and Debtors in Possession* [Docket No. 170] (the "**Confirmation Order**") confirming the *Joint Prepackaged Chapter 11 Plan of Reorganization of Secure Home Holdings LLC and its Affiliated Debtors and Debtors in Possession* [Docket No. 18] (including all exhibits thereto and as amended, modified, or supplemented from time-to-time, the "**Plan**").[2]

14.    The Plan has become effective and been substantially consummated.  All conditions precedent to consummation of the Plan were either satisfied or waived in accordance with Article VIII of the Plan, such that the Plan became effective on June 11, 2021 [Docket No. 187] (the "**Effective Date**"), and as a result, the Plan has been substantially consummated, as that term is defined by section 1101(2) of the Bankruptcy Code. (*See* Docket Nos. 170 and 187).

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

15.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

16.     The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    (a)     whether the order confirming the plan has become final;

    (b)     whether deposits required by the plan have been distributed;

    (c)     whether the property proposed by the plan to be transferred has been transferred;

    (d)     whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    (e)     whether payments under the plan have commenced; and

    (f)     whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

17.     The Advisory Committee Note to Bankruptcy Rule 3022 also indicates that the entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed," and the Court "should not keep the case open only because of the

possibility that the court's jurisdiction may be invoked in the future." *Id*. Additionally, "a final

decree closing the case after the estate is fully administered does not deprive the court of

jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening

the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." *Id*.

18.     Indeed, Bankruptcy Rule 3022 was amended in order to:

> set forth a flexible Rule to permit the court to determine that an estate is
> fully administered and should be closed even though payments or other
> activities involving the debtor and its creditors might continue. As is
> evident by the Committee note, the Advisory Committee interprets
> "fully administered" very loosely and encourages courts to use
> substantially more discretion in deciding whether to close a [c]hapter 11
> case th[a]n Code § 350 and the Rule literally read.

*In re Gould*, 437 B.R. 34, 37–38 (Bankr. D. Conn. 2010) (emphasis added) (citation omitted).

19.     Bankruptcy courts have adopted the view that "these factors are but a guide in

determining whether a case has been fully administered, and not all factors need to be present

before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr.

D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill.

1991)); *see also In re Federated Department Stores, Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002)

("A court should review each request for entry of a final decree on a case-by-case basis and analyze

the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an

estate has been fully administered."); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*,

238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors

contained in the advisory committee note when deciding whether to close a case); *Ericson v. IDC

Servs., Inc. (In re IDC Servs., Inc.)*, No. 93-B-45922 (SMB), 1998 WL 547085, at *3 (S.D.N.Y.

Aug. 28, 1998) ("[T]he approach that looks to the Advisory Note provides a more complete and

flexible standard for determining when to close a chapter 11 case, and is therefore preferable.");

*In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) ("Rule 3022 allows the court

flexibility. It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid."); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

20.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).[3]

21.     Further, courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

22.     The Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing each one.  Among other things:

> (a)     the Confirmation Order has become final and non-appealable;
>
> (b)     the Reorganized Debtors have emerged from chapter 11 as reorganized entities;
>
> (c)     the material transactions contemplated by the Plan have been substantially consummated;

---

[3]     Pursuant to Bankruptcy Code section 1101(2), substantial consummation is defined as the "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

(d)     the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities, a new board has been appointed for Reorganized Debtor Secure Home Holdings LLC, and that board has thus assumed governance over all of the Reorganized Debtors;

(e)     Cure Claims are in the process of being resolved and distributed to counterparties and the Reorganized Debtors continue to reconcile and resolve any outstanding amounts with counterparties; and

(f)     Other than professional fees[4] that remain subject to approval by the Court, substantially all of the distributions provided for under the Plan have been made and any remaining distributions will be made in accordance with the terms of the Plan.

23.     The foregoing factors support closure of the Chapter 11 Cases. The fact that the Reorganized Debtors are still reviewing and resolving claims does not require the Affiliate Cases to remain open until all such claims are resolved and final distributions are made. *In re Jay Bee Enters., Inc.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid").

24.     All fees under 28 U.S.C. § 1930(a)(6) ("**Section 1930 Fees**") that are due and owing in these Chapter 11 Cases will have been paid in the ordinary course prior to the requested closure of the Chapter 11 Cases or when the same are otherwise due and payable, in accordance with Local Rule 3022-1.

25.     Finally, closing the Chapter 11 Cases will relieve the Court, the Office of the United States Trustee and the Reorganized Debtors from each of their administrative burdens associated with ongoing Chapter 11 cases.  Closing the Chapter 11 Cases will likewise alleviate the Reorganized Debtors' obligation to pay Section 1930 Fees. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates

---

[4]     The Court has scheduled a hearing for July 29, 2021 on final fee applications for estate professionals.  Pursuant to the Plan, distributions of allowed fees and expenses shall be made by Reorganized Debtor Secure Home Holdings LLC.

upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum"). Closing the Chapter 11 Cases will save the Reorganized Debtors a substantial expense that they would otherwise continue to incur while the Chapter 11 Cases are open. That fact further supports the relief requested in this motion. *See Junior Food Mart*, 201 B.R. at 524; *Jay Bee*, 207 B.R. at 539.

26.     In addition to the foregoing, the Reorganized Debtors request entry of an order terminating the claims and noticing services (the "**Services**") provided by Kurtzman Carson Consultants LLC ("**KCC**") pursuant to the *Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Claims and Noticing Agent Effective as of the Petition Date* [Docket No. 55] (the "**Retention Order**").   Upon termination of the Services, and except as otherwise provided herein, KCC will have no further obligations under the Retention Order to the Court, the Reorganized Debtors, or any other party in interest with respect to the Services in the Chapter 11 Cases.

27.     Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of an order granting this Motion, KCC will (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in this case a Final Claims Register.  KCC also will box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

28.     The Reorganized Debtors submit that its request to terminate the Services provided by KCC on the terms described in this Motion complies with the Local Rules and is otherwise appropriate under the circumstances and, therefore, should be approved.

## RESERVATION OF RIGHTS

29.     Nothing contained herein is intended or should be construed as, or deemed to constitute (a) an admission as to the amount, basis for, or validity of any agreement or claim against the Reorganized Debtors under the Bankruptcy Code or applicable nonbankruptcy law; (b) a waiver or impairment of the Reorganized Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of the type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Reorganized Debtors' rights to subsequently dispute such claim.

30.     The Reorganized Debtors further reserve their rights to submit a revised form of Proposed Final Decree prior to the hearing on the Motion in the event that they should determine that keeping one or more of the Chapter 11 Cases open becomes necessary or appropriate.  The Plan provides each Reorganized Debtor with the ability to file a separate order to close such Debtor's individual Chapter 11 Case, without requiring the closure of all of the Chapter 11 Cases at the same time. *See* Plan Art. 4.4(d).  In that regard, as this Motion was being finalized for filing, a motion for relief from stay to proceed with prepetition state court litigation was filed by Eino Hill [Docket No. 209].  Mr. Hill's postpetition conduct was at the center of the Debtors' previous

motion for Rule 2004 discovery [Docket No. 127]. The Reorganized Debtors are evaluating Mr. Hill's motion and will respond in due course. Should the Reorganized Debtors determine that it is necessary or appropriate to keep one or more of their Chapter 11 Cases open to address matters with Mr. Hill or otherwise, they will so advise the Court at or before the hearing on the Motion.

## NOTICE

31. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (c) counsel to the First Lien Agents and the DIP Agents; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). In light of the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

32. No previous request for the relief sought herein has been made to this Court or any other court.


**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtors respectfully request entry of an order in the form attached hereto granting the relief requested and such other relief as may be appropriate.

Dated: July 8, 2021
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**


*/s/ Robert A. Weber*
William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:         chipman@chipmanbrown.com
                weber@chipmanbrown.com
                olivere@chipmanbrown.com

—and—

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Van C. Durrer, II (I.D. No. 3827)
Destiny N. Almogue
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Email:         Van.Durrer@skadden.com
                Destiny.Almogue@skadden.com

*Counsel for the Reorganized Debtors*